UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

DONJUARELL YOWELL,

                Petitioner,                Case No. 1:09-cv-1147

v.                                            Honorable Janet T. Neff

BLAINE C. LAFLER,

                Respondent.

_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition both constitutes an abuse of the writ and is barred by the statute of limitations.

**Discussion**

I.        Factual Allegations

On February 26, 1976, following a jury trial in Wayne County, Petitioner was convicted of first-degree felony-murder, MICH. COMP. LAWS § 750.316(b), and armed robbery, MICH. COMP. LAWS § 750.529. He was sentenced on March 4, 1976 to respective prison terms of life and forty-to-eighty years. Petitioner appealed his convictions, and the Michigan Court of Appeals affirmed on December 15, 1977. Petitioner sought leave to appeal in the Michigan Supreme Court. On September 2, 1981, the supreme court reversed the armed robbery conviction on double jeopardy grounds, but denied the remainder of the application for leave to appeal.

On April 5, 1982, the circuit court resentenced Petitioner on the first-degree murder conviction, again imposing a term of life imprisonment. While Petitioner does not list the dates on which he sought leave to appeal in the state courts from the resentencing, he apparently filed a petition for writ of certiorari to the United States Supreme Court, which was denied on or about August 18, 1984.

Petitioner moved for a new trial, which was denied on January 28, 1985, and the Michigan Court of Appeals denied leave to appeal the decision on September 18, 1985. Petitioner sought leave to appeal to the Michigan Supreme Court, which denied leave to appeal on April 29, 1986.[1]

---

[1]Petitioner does not disclose all of his postconviction motions and appeals. From the electronic docket of the Michigan Court of Appeals, it appears that Petitioner filed a variety of motions in the trial court in 1990 and 1991 that he subsequently appealed. *See* Mich. Ct. App. Electronic Docket, http://coa.courts.mi.gov/resources/asp/viewparties.asp? ptyname=Yowell&f_AllCases=on. First, Petitioner appealed a June 6, 1990 trial court order denying relief from judgment, which was denied by the court of appeals on November 1, 1990 and by the supreme court on September 1991. He also appealed a January 31, 1991 trial court order denying relief from judgment. The court of appeals denied leave to appeal on February 24, 1992, and Petitioner did not seek leave to appeal in the Michigan Supreme Court. It appears that no further postconviction relief was sought until July 14, 2003, when Petitioner filed a complaint for superintending control in the court of appeals. The motion was denied

On September 10, 2005, Petitioner filed a motion for relief from judgment in the Wayne County Circuit Court, raising four issues. The court denied the motion on February 2, 2006. Petitioner moved for rehearing, which was denied as untimely on June 6, 2006. Petitioner sought leave to appeal to both the Michigan Court of Appeals and the Michigan Supreme Court. Both courts denied leave to appeal because Petitioner failed to meet the burden of establishing entitlement to relief under MICH. CT. R. 6.508(D). The supreme court issued its order on September 10, 2007.

Petitioner subsequently filed yet another motion for relief from judgment in the Wayne County Circuit Court. The motion was denied on January 23, 2008, as an improper second motion under MICH. CT. R. 6.502 and 6.508. Petitioner again sought leave to appeal to the Michigan Court of Appeals and the Michigan Supreme Court. The courts denied leave to appeal under MICH. CT. R. 6.508(D) on September 15, 2008 and March 23, 2009, respectively.

On August 23, 1991, Petitioner filed his first petition for habeas corpus in the Eastern District of Michigan. *See Yowell v. Wells*, 2:91-cv-74287 (E.D. Mich.). Plaintiff provides no information regarding the issues presented in that first habeas petition. After conducting a merits review, the magistrate judge recommended that the petition be denied on March 30, 1992. The district court adopted the report and recommendation and denied the petition on April 30, 1992.

In the instant habeas application, Petitioner argues three ostensible grounds for relief, all three of which essentially set forth the same issue:

    I.    UNDER DUE PROCESS CLAUSE OF THE 5TH, 6TH, AND 14TH AMENDMENTS, AND ARTICLE 1, SECTION 17 OF THE MICHIGAN CONSTITUTION, THE TRIAL COURT CREATED JURISDICTIONAL DEFECT WHEN FOLLOWING REVERSAL OF DEFENDANT'S ROBBERY CONVICTION 'AMENDED' HIS FELONY MURDER

---

on December 4, 2003 and was not appealed.

            CONVICTION, AND MADE AN INDEPENDENT GUILTY FINDING OF FIRST DEGREE PREMEDITATED MURDER, MCL 750[.]316-A, ABSENT PREMEDITATION AND DELIBERATION, AND 'RESENTENCED' HIM EX-PARTE[.]

    II.    THE TRIAL COURT DENIED DEFENDANT'S RIGHT TO FAIR TRIAL UNDER THE DUE PROCESS CLAUSE OF THE 5TH, 6TH, AND 14TH AMENDMENTS, AND ARTICLE 1 SECTIONS 17 & 20 OF THE MICHIGAN CONSTITUTION, WHEN FOLLOWING REVERSAL OF HIS ROBBERY CONVICTION 'AMENDED' HIS FELONY MURDER CONVICTION AND MADE AN INDEPENDENT GUILTY FINDING OF FIRST DEGREE PREMEDITATED MURDER MCL 750.316-A, ABSENT PREMEDITATION AND DELIBERATION, AND 'RESENTENCED' HIM EX-PARTE.

    III.    THE TRIAL COURT ABUSED ITS DISCRETION UNDER THE DUE PROCESS CLAUSE OF THE 5TH, 6TH, AND 14TH AMENDMENTS, AND ARTICLE 1 SECTION 17 OF THE MICHIGAN CONSTITUTION, WHEN FOLLOWING REVERSAL OF DEFENDANT'S ROBBERY CONVICTION 'AMENDED' HIS FELONY MURDER CONVICTION AND MADE AN INDEPENDENT GUILTY FINDING OF FIRST DEGREE PREMEDITATED MURDER, MCL 750.316-A, ABSENT PREMEDITATION AND DELIBERATION, AND 'RESENTENCED' HIM EX-PARTE.

(Pet. at 8.)

    II.    <u>Analysis</u>

        **A.    Abuse of the Writ**

Petitioner acknowledges that he filed a previous habeas petition in the Eastern District of Michigan. *See Yowell v. Wells*, 2:91-cv-74287 (E.D. Mich.). The court conducted a full merits review of that petition and dismissed it on April 30, 1992. *Id.* (Ord. & J. Apr. 30, 1992). According to Petitioner, the issues raised in that petition were entirely different from those raised in the present petition. As a result, it is beyond dispute that Petitioner's present habeas petition is a second petition. *See McClesky v. Zant*, 499 U.S. 467, 470 (1991) (recognizing that a second petition is one which alleges new and different grounds for relief after a first petition was denied.)

The Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA) requires prior authorization from the court of appeals before a second habeas petition may be reviewed by the district court. *See* 28 U.S.C. § 2244(b)(3)(A). Where, as here, however, the first habeas petition was filed before the effective date of the AEDPA, the court must review the second petition to determine whether it would have survived under the pre-AEDPA "abuse of the writ" standard. *See Cress v. Palmer*, 484 F.3d 844, 852 (6th Cir. 2007).

That standard "allow[ed] a second motion containing a new claim where the inmate can 'show cause for failing to raise [the issue in the first motion] and prejudice therefrom.'" *In re Hanserd*, 123 F.3d 922, 929 (6th Cir. 1997) (quoting *McClesky*, 499 U.S. at 494), *cited in Cress*, 484 F.3d at 852. With respect to the cause determination, the habeas court must decide "whether petitioner possessed, or by reasonable means could have obtained, a sufficient basis to allege a claim in the first petition and pursue the matter through the habeas process." *McClesky*, 499 U.S. at 498. To show cause, a petitioner must demonstrate that, at the time he filed his first habeas petition, he conducted "a reasonable and diligent investigation aimed at including all relevant claims and grounds for relief . . . ." *Id.* In order to show prejudice, "a petitioner must establish a constitutional error . . . [that] had a 'substantial and injurious effect or influence in determining the jury's verdict.'" *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993)).

Here, Petitioner's issues all arose from a misstatement by the Wayne County Circuit Court in its opinion denying relief from judgment, which was issued February 2, 2006. (Pet., Att. 1, docket #1-2 at 3.) In that opinion, while discussing Petitioner's felony-murder conviction, the court mistakenly stated that Petitioner was convicted under "MCL 750.316-A." Subsection (a) of

- 5 -

MICH. COMP. LAWS 750.316, however, is addressed to first-degree premeditated murder. Subsection (b) applies to first-degree felony murder. Petitioner claims that the court's misstatement amounts to an independent finding that Petitioner was guilty of premeditated murder, in violation of Petitioner's Sixth and Fourteenth Amendment rights.

Because the trial court's misstatement about the type of first-degree murder Petitioner was found guilty of committing did not occur until 2006, the claim was not discoverable at the time he filed his first petition. As a consequence, Petitioner has demonstrated cause for filing a second petition.

With respect to prejudice, however, Petitioner is unable to demonstrate a substantial or injurious effect on either the jury's determination or Petitioner's sentence. First, it is apparent that the trial court's reference to MICH. COMP. LAWS § 750.316(a) was an erroneous statutory citation, not a finding that Petitioner was guilty of premeditated murder. The trial court's opinion clearly indicated that Petitioner was convicted of first-degree felony-murder, not premeditated murder. (Compl., App. 1, docket #1-2 at 3, 8.) The remainder of the trial court's opinion specifically talked about the proofs necessary to support a felony-murder conviction. (*Id.* at 5-6.) Second, the two subsections of MICH. COMP. LAWS § 750.316 merely provide alternate theories under which a defendant may be convicted of first-degree murder; they are not separate offenses. As a consequence, regardless of which theory of guilt the jury applied, the conviction and sentence remain the same: first-degree murder, for which Petitioner received a life sentence.

Petitioner therefore has failed to demonstrate the necessary prejudice for consideration of a second habeas petition. His petition therefore constitutes an abuse of the writ.

### III. Statute of Limitations

Even if the Court were to determine that Petitioner's petition was not an abuse of the writ, the application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the AEDPA. Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[2] Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

---

[2]Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to Petitioner's application, Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court. On September 2, 1981, the Michigan Supreme Court vacated the armed robbery conviction, denied the remainder of his application, and remanded for resentencing. The circuit court resentenced Petitioner on April 5, 1982. Petitioner appealed and eventually filed an application for writ of certiorari to the United States Supreme Court, which was denied on August 18, 1984.[3] Petitioner's conviction therefore was final on that date.

Because enactment of the statute could extinguish otherwise viable claims, a petitioner whose conviction became final prior to the effective date of the AEDPA, April 24, 1996, has one year from the effective date in which to file his petition. *Payton v. Brigano*, 256 F.3d 405, 407 (6th Cir. 2001); *Searcy v. Carter*, 246 F.3d 515, 517 (6th Cir. 2001). Petitioner therefore had until April 24, 1997 in which to file his habeas petition.

Although 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. *Payton*, 256 F.3d at 408. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493

---

[3]Petitioner does not include the dates of his appeals from the resentencing, and he states that he has since lost much of his early paperwork. He does note the dates on which he sought and was denied certiorari on this portion of his direct appeal.

(6th Cir. 2003). Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon*, 329 F.3d 490). Because Petitioner's one-year grace period expired in 1997, his collateral motions filed in 2003, 2006 and 2008 do not serve to revive the limitations period.[4]

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009); *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence*, 549 U.S. at 335 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Akrawi*, 572 F.3d at 260.

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F.

---

[4]The remainder of Petitioner's attempts to seek postconviction relief were concluded by 1992, before the effective date of the AEDPA. They therefore are not relevant to the calculation of the statute of limitations, since Petitioner's grace period did not begin to run until April 24, 1996.

App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

**Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it both constitutes an abuse of the writ and is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Date: February 25, 2010  /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).